## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **STEFANINA'S PIZZERIA AND RESTAURANT, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 10CV1518MLM** |
| | ) | |
| **GANNON AND RAEMAN CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss Case filed by Defendant Gannon and Raeman Corporation ("Defendant"). Doc. 11.  Plaintiff Stefanina's Pizzeria and Restaurant Corporation ("Plaintiff") filed a Response. Doc. 12.  Defendant filed a Reply. Doc. 13.  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 14.

## LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

(2009) (citing <u>Twombly</u>, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Id.</u> at 1950 (citing <u>Twombly</u>, 550 U.S. at 556). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555). <u>See</u> <u>also</u> <u>Hamilton v. Palm</u>, 2010 WL 3619580, at *2 (8th Cir. Sept. 20, 2010) ("[A]n allegation in any negligence claim that the defendant acted as plaintiff's 'employer' satisfies Rule 8(a)(2)'s notice pleading requirement for this element.").

> Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, <u>see</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, <u>see</u> 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ... <u>see, e.g.,</u> ... <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

<u>Twombly</u>, 550 U.S. at 555-56. <u>See</u> <u>also</u> <u>Gregory v. Dillard's, Inc.</u>, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.'") (quoting <u>Stalley v. Catholic Health Initiative</u>, 509 F.3d 517, 521 (8th Cir. 2007)).

Additionally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." <u>Twombly</u>, 550 U.S. at 556 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

To the extent it has been argued that <u>Twombly</u> is applicable only in the anti-trust context, the Court in <u>Iqbal</u>, 129 S.Ct. 1937, made it clear that <u>Twombly</u> is applicable in a broader context.

## BACKGROUND

Plaintiff alleges in its Complaint that it has owned and operated restaurants in St. Charles County, Missouri, for many years and engaged in substantial commercial use of the mark STEFANINA'S in connection with restaurant services since 1981; that Plaintiff is the owner of US Registration No. 2,325,838 for the mark STEFANINA's; that this mark has been registered since 2000; that the mark is now incontestable; that on December 15, 1999, Plaintiff entered into a licensing agreement with Carcamco Corp. ("Carcamco"), in which Plaintiff granted Carcamco a license to use the mark STEFANINA's in connection with restaurant services in Wentzville, Missouri, pursuant to the terms of the license agreement; that the license agreement included an assignment clause whereby Carcamco could assign the Carcamco License to Defendant; that, on December 27, 2999, Carcamco and Defendant executed an Agreement of Purchase and Sale of Assets (the "Purchase Agreement"), in which Defendant purchased and acquired from Carcamco assets pertaining to the STEFANINA's restaurant in Wentzville that had been owned and operated by Carcamco; that, on December 27, 1999, Carcamco and Defendant also executed an Assignment of Intellectual Property (the "Assignment Agreement") in which Carcamco assigned to Defendant "the entire right, title and interest in any intellectual property rights of the Assignor [Carcamco], including but not limited to, the use and depiction of STEPANINA's together with the goodwill associated therewith, and the right to sue for, and recover for, any past or future infringements thereof"; that, under the Carcamco License, the rights in the mark STEFANINA's were only those of a licensee; that in the Purchase Agreement and Assignment Agreement, Carcamco transferred its interest as a licensee of the mark STEFANINA's to Defendant; that since December 27, 1999, Defendant has operated the restaurant

3

in Wentzville, formerly owned by Carcamco, under the service mark STEFANINA's pursuant to the Carcamco License granted by Plaintiff; and that since December 27, 1999, Plaintiff has exercised control over the quality of the goods and services of Defendant bearing the mark STEFANINA's. Doc. 1, Compl., ¶ ¶ 5-6, 18-21, 30, 36, 38, 41, 43, 45, 50-51.

Plaintiff further alleges that, in the fall of 2008, Defendant entered into discussions with Plaintiff regarding the terms of the Carcamco License; that these discussions between Plaintiff and Defendant resulted in new licensing terms contained in a Trademark Licensing Agreement (the "Trademark Licensing Agreement"), which would supersede the Carcamco License; that Defendant has refused to sign the Trademark Licensing Agreement; that Plaintiff has informed Defendant that failure to enter into the Trademark Licensing Agreement would result in a breach of the Carcamco License and a termination of Defendant's license to use the mark STEFANINA's; that Defendant has been informed by Plaintiff that it may not continue to use the mark STEFANINA'S in connection with restaurant services without a license from Plaintiff; that Defendant has continued to use the mark STEFANINA'S with restaurant services even though Defendant has been informed that this use is unlicensed and unauthorized by Plaintiff; and that Defendant has continued to make representations that its restaurant services are connected to, affiliated with, or sponsored by Plaintiff, even though this is no longer the case. Doc. 1, Compl., ¶¶ 54-62.

Additionally, Plaintiff alleges that Defendant's unlicensed and unauthorized use of STEFANINA's with restaurant services is likely to deceive, confuse, and mislead prospective consumers into believing that Defendant's restaurant is authorized by or associated with Plaintiff; that the unlicensed and unauthorized use of the mark STEFANINA's by Defendant is calculated to trade on the valuable goodwill of Plaintiff's reputation and identity; and that the unlicensed and unauthorized use of the mark STEFANINA's by Defendant is likely to cause and enhance consumer

4

confusion, and has otherwise deliberately attempted to create an association, affiliation, or sponsorship between Plaintiff and Defendant, when this is no longer the case. Doc. 1, Compl., ¶¶ 65, 69-70. Plaintiff has attached to the Complaint its license agreement with Carcamco which includes a provision titled "Termination for Cause." Doc. 1, Ex. B, ¶ 5. Plaintiff has also attached to the Complaint the Purchase Agreement, the Assignment Agreement, and the Trademark Licensing Agreement. Doc. 1, Ex. C, Ex. D, Ex. E.

In Count I of the Complaint, Plaintiff alleges Federal Trademark Infringement pursuant to 15 U.S.C. § 1114, in that Defendant is using Plaintiff's federally registered trademark without Plaintiff's permission and that Defendant's conduct is likely to cause confusion, deception, and mistake by creating a false and misleading impression that Defendant's restaurant services are affiliated, associated, or connected with Plaintiff, or have the sponsorship, indorsement, or approval of Plaintiff. In Count II, Plaintiff alleges Federal Unfair Competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant's use of the STEFANINA'S mark constitutes a false designation of origin which is likely to cause confusion, mistake, or create deception as to the affiliation, connection, or association of Defendant with Plaintiff's goods or services. In Count III, Plaintiff alleges Breach of Contract, in that Defendant breached its obligation to cease use of Plaintiff's mark with restaurant services after Plaintiff informed Defendant that the Carcamco License was terminated due to Defendant's failure to agree to the terms of the renegotiated Trademark Licensing Agreement. In Count IV, Plaintiff alleges that Defendant engaged in Deceptive Trade Practices, in violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § § 407.020 et seq. In Count V, Plaintiff alleges Common Law Trademark Infringement and Unfair Competition. In Count VI, Plaintiff alleges State Trademark Dilution and Injury to Business Reputation, in violation of Mo. Rev. Stat. § §

417.061 et seq.  In Count VII, Plaintiff seeks Declaratory Judgment for Trademark Ownership pursuant to 28 U.S.C. § 2201.

## DISCUSSION

Defendant alleges that Plaintiff's Complaint should be dismissed in its entirety for failure to state a cause of action.  In support of this position, Defendant contends, in regard to Counts I and II, that there can be no Trademark Infringement or Unfair Competition because Defendant has a license from Plaintiff to use STEFANINA'S mark.  In particular, Defendant contends that the Complaint does not allege the conditions pursuant to which the Carcamco License could be terminated nor does it allege that these conditions were met.  Defendant also contends that Plaintiff has failed to set forth a case for trademark infringement under the Lanham Act.  In regard Count III, Breach of Contract, Count IV, Deceptive Trade Practices, Count V, Common Law Trademark Infringement and Unfair Competition, Count VI, State Trademark Dilution and Injury to Business Reputation, and Count VII, Declaratory Judgment, Defendant contends that Defendant has a license to use the mark.  Defendant contends, in regard to all Counts, that it continues to have a license from Plaintiff to use the mark STEFANINA'S; that Plaintiff has never terminated the Carcamco License pursuant to any of the termination conditions; that the license is still valid; that, because Defendant has a license, Plaintiff cannot prove the allegations of Counts I-VII; and that, therefore, the Complaint should be dismissed in its entirety.

Having considered the arguments of the parties, the elements of each of Plaintiff's claims, and the allegations of the Complaint, the court finds that Plaintiff's Complaint provides Defendant with fair notice of what the claims of Counts I-VII are and the grounds upon which they rest. See Twombly, 550 U.S. at 555.  Moreover, in each Count, Plaintiff has done more than merely recite the elements of each of its claims; rather, Plaintiff has, in Counts I-VII, stated a plausible claim for relief.

As such, Plaintiff's Complaint meets the requirements of notice pleading. <u>See</u> <u>Iqbal</u>, 129 S.Ct. at 1949; <u>Hamilton</u>, 2010 WL 3619580, at *2. The court will, therefore, deny Defendant's Motion to Dismiss.

To the extent Defendant contends, as an affirmative defense, that it has a license, such a claim may be appropriately addressed in a motion for summary judgment. A court may convert a motion to dismiss to a motion for summary judgment. <u>See</u> <u>Gibb v. Scott</u>, 958 F.2d 814, 816 (8th Cir. 1992) ("A motion to dismiss pursuant to Rule 12(b)(6) 'must be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the trial court.'" (quoting <u>Woods v. Dugan</u>, 660 F.2d 379, 380 (8th Cir.1981) (per curiam)). In the matter under consideration, however, whether or not Defendant has a license for the mark STEFANIA'S is a mater of proof and the facts relevant to this affirmative defense remain to be developed. The court finds, therefore, that Defendant's Motion to Dismiss cannot be converted to a motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant's Motion to Dismiss Case is **DENIED**. Doc. 11

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE


Dated this <u>20th</u> day of October, 2010.